This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37752**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**PHILLIP HUMPHRIES,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant has appealed following his convictions for trafficking (possession of a controlled substance with intent to distribute), careless driving, driving while license suspended, driving without vehicle registration, and driving without insurance. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The pertinent background information has previously been set out at length. We will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

**{3}** First, Defendant renews his argument that the district court erred in denying his untimely motion to suppress. [MIO 3, 9-15] In his memorandum in opposition Defendant clarifies his underlying argument, explaining that the officer's stated basis for the traffic stop changed over time: initially, the officer contended that Defendant had been driving eastbound in a westbound lane of traffic; but later, the officer indicated that he had merely observed Defendant "turn eastbound from a side road onto westbound Central," [MIO 12] and "across the westbound lanes . . . at somewhat of an angle" [MIO 4] prior to entering a parking lot. [MIO 13] Although we appreciate the clarification, it does not enhance the persuasive value of the motion. Regardless of the nuances, the fact remains that the officer observed Defendant driving eastbound in a westbound lane, [MIO 4-5, 12-13] such that the officer had a reasonable basis to believe that Defendant had committed a traffic violation by "driving the wrong direction" in that lane, as the officer had previously explained. [MIO 12] *See* NMSA 1978, § 66-7-308(A) (1978) ("Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, and where practicable, entirely to the right of the center thereof[.]"). We note that the officer's observations would also support a reasonable suspicion that Defendant had executed an improper turn, and/or was driving carelessly. *See* NMSA 1978, § 66-8-114(B) (1978) (defining careless driving to include the operation of a vehicle in an imprudent manner, without due regard for corners and all other attendant circumstances); NMSA 1978, § 66-7-322 (1978) (describing the required position and method of turning at intersections); *cf. State v. Salas*, 2014-NMCA-043, ¶¶ 2, 14-15, 321 P.3d 965 (holding that an officer's observation of the defendant's "erratic driving," including his sudden left turn into a driveway from the far right lane, thereby crossing over multiple lanes of traffic, gave rise to "legitimate and reasonable suspicion that lane and illegal turn-related traffic offenses occurred" such that the traffic stop was justified). Insofar as any or all of these considerations would supply a valid basis for the stop, the untimely motion to suppress was without merit. *See State v. Farish*, 2018-NMCA-003, ¶¶ 7, 16, 410 P.3d 239 (observing that an officer may stop a vehicle if he or she is aware of specific facts, together with rational inferences from those facts, that when judged objectively would lead a reasonable person to believe that the motorist violated a traffic law; and explaining that as a reviewing court, we consider the facts in the record to determine whether they could support reasonable suspicion of a violation of the Motor Vehicle Code on any grounds). We therefore reject Defendant's first assertion of error. *Cf. State v. Richardson*, 1992-NMCA-112, ¶ 5, 114 N.M. 725, 845 P.2d 819 (rejecting an assertion of reversible error premised on a meritless suppression argument), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806.

**{4}** Next, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for trafficking, specifically and exclusively arguing that the State failed to establish possession and intent to distribute. [MIO 15-18] However, as described at greater length in the notice of proposed summary disposition. [CN 4-5] the

evidence of Defendant's control over the vehicle, the presence of his personal effects in close proximity to the methamphetamine located therein, and his incriminating statements to the officer all supplied compelling evidence of Defendant's possession and intent to distribute. We therefore reject Defendant's second assertion of error.

**{5}** Third, Defendant renews his challenge to the admission of evidence identifying the substance seized from his vehicle as methamphetamine. [MIO 18-19] However, as we previously observed, [CN 6-7] the district court acted well within its discretion. *See State v. Arias*, 2018-NMCA-057, ¶¶ 25-26, 427 P.3d 129 (cataloging cases allowing lay identification of controlled substances and noting the general rule of admissibility); *State v.Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896 (explaining that the state is not required to establish chain of custody in sufficient detail to exclude all possibility of tampering, and holding that in this context, questions affect the weight of the evidence, rather than admissibility).

**{6}** Fourth and finally, Defendant renews his jurisdictional challenge. [MIO 19-20] For the reasons previously stated, [CN 7] we conclude that the argument is without merit. *See State v. Adamo*, 2018-NMCA-013, ¶ 55, 409 P.3d 1002 (rejecting a similar argument).

**{7}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**ZACHARY A. IVES, Judge**